IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

EUGENE HOLMAN,

            Plaintiff,

v.                                Civil Action No.
                                        9:04-CV-1149 (DNH/DEP)

JOHN EWANCIW, *et al.*,

            Defendants.

---

APPEARANCES:                                OF COUNSEL:

FOR PLAINTIFF:

EUGENE HOLMAN, *Pro Se*

FOR DEFENDANT:

HON. ELIOT SPITZER                       GERALD J. ROCK, ESQ.
Office of the Attorney General           Ass't Attorney General
State of New York
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

    Plaintiff Eugene Holman, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has commenced this civil rights action complaining of the deprivation of his

constitutional rights. Plaintiff's claims arise out of the issuance of a misbehavior report accusing him of several prison rule violations, including bribery and extortion, and an ensuing disciplinary hearing which resulted in a finding of guilt, later reversed on administrative appeal, and the imposition of a penalty which included a period of disciplinary confinement. In his complaint plaintiff maintains, principally, that the contents of the misbehavior report were false, and that his right to procedural due process was violated during the course of the resulting disciplinary proceedings.

In response to plaintiff's complaint defendant has moved seeking its dismissal on a variety of grounds including, *inter alia*, the controlling three year statute of limitations, lack of personal involvement, and the immunity from suit enjoyed under the Eleventh Amendment. For the reasons set forth below, I recommend that the defendants' motion be granted in part, but otherwise denied.

I.   BACKGROUND[1]

At the times relevant to his claims, plaintiff Eugene Holman was a

---

[1]   In light of the procedural posture of the case, the following recitation of facts has been drawn from plaintiff's complaint, as well as the materials submitted by the plaintiff in opposition to defendants' motion, to the extent they are consistent with the allegations set forth in his complaint. *See Donhauser v. Goord*, 314 F. Supp.2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).

New York State prison inmate assigned to the Shawangunk Correctional Facility ("Shawangunk"), located in Wallkill, New York. On or about August 7, 2001 Shawangunk corrections officials conducted a search of plaintiff's cell, resulting in the discovery and confiscation of contraband.[2,3] The discovery of contraband in plaintiff's cell led to the issuance of a misbehavior report, which was served upon him on August 9, 2001. Dkt. No. 18, Exhibits. In that report, which was authored by Corrections Sergeant R. Krusen, plaintiff was accused of actual or attempted bribery or extortion (Rule 103.10), engaging in an action detrimental to the order of the facility (Rule 104.12), and smuggling or attempting to smuggle (Rule 114.10).

A Tier III disciplinary hearing was conducted to address the charges set forth in that misbehavior report, beginning on August 14, 2001 and continuing on August 28, 2001, with defendant John Ewanciw presiding as

---

[2] According to a contraband receipt dated August 7, 2001 and signed by Corrections Officer F. Carbone, the item seized consisted of a "paper towel with money figures and nicknames associated to this" found among paperwork on a desk in plaintiff's cell. *See* Dkt. No. 18. That receipt reflects that the confiscated contraband was conveyed to Corrections Sergeant R. Krusen. *Id.*

[3] While plaintiff's complaint reflects that the cell search yielding discovery of the contraband occurred on August 8, 2001, the contraband receipt submitted by the plaintiff with his motion papers reflects August 7, 2001 as the date of the search. Resolution of this discrepancy is not necessary for the determination of the pending motion.

3

the hearing officer.[4] At the conclusion of that hearing plaintiff was exonerated of the Rule 104.12 charge, but was found guilty on the bribery or extortion and smuggling counts. As a penalty, Hearing Officer Ewanciw imposed a combination of special housing unit ("SHU") and keeplock disciplinary confinement, totaling 120 days when aggregated together with the length of plaintiff's pre-hearing keeplock confinement, with a corresponding loss of package, commissary and telephone privileges for a like period.

Plaintiff appealed the hearing determination through internal DOCS channels on September 24, 2001. As a result of that appeal the DOCS Director of Special Housing/Inmate Disciplinary Program, Donald Selsky, issued a written decision on November 19, 2001 reversing the hearing determination.[5]

---

[4] The DOCS conducts three types of inmate disciplinary hearings. Tier I hearings address the least serious infractions, and can result in minor punishments such as the loss of recreation privileges. Tier II hearings involve more serious infractions, and can result in penalties which include confinement for a period of time in the Special Housing Unit (SHU). Tier III hearings concern the most serious violations, and could result in unlimited SHU confinement and the loss of "good time" credits. *See Hynes v. Squillace*, 143 F.3d 653, 655 (2d Cir.), *cert. denied*, 525 U.S. 907, 119 S. Ct. 246 (1998).

[5] There is no rationale offered in Director Selsky's decision, which is included as an exhibit with plaintiff's opposition to the pending motion, *see* Dkt. No. 18, explaining the basis for his reversal of the hearing officer's determination.

II.     PROCEDURAL HISTORY

This action was commenced by the plaintiff, who is proceeding *pro se* and *in forma pauperis,* on October 4, 2004.  *See* Dkt. No. 1.  Named as defendants in Holman's complaint are John Ewanciw, who is described as a plant supervisor at Shawangunk, and who served as the hearing officer at plaintiff's Tier III hearing; Corrections Sergeant Krusen, who issued the misbehavior report at issue; Corrections Officer F. Carbone, who seized the contraband giving rise to the misbehavior report; Corrections Captain Connolly, who is described as a ranking captain and alleged in plaintiff's complaint, in conclusory terms, to have been aware of the matters at issue; and the New York State DOCS.[6,7]  Plaintiff's complaint sets forth five

---

[6]     According to the defendants, Captain Connelly's name was misspelled in plaintiff's complaint, and is correctly spelled as Connolly.  I will ask that the Clerk's Office adjust its records to reflect correction of this typographical error.

[7]     While plaintiff's complaint names the DOCS as a defendant, it also refers to the "Commissioner" in the space provided for listing the "official position" of the named defendant on the form complaint utilized by the plaintiff.  To the extent that either the DOCS or its Commissioner, Glenn S. Goord, is named in an official capacity as a defendant in plaintiff's complaint, plaintiff's claims against that party are barred by the Eleventh Amendment.  *See* pp.15-17, *post*.  In the event the court were to construe plaintiff's complaint so liberally as to state a claim against Commissioner Goord individually, that claim would potentially be subject to dismissal, although without prejudice, based upon Holman's failure to allege the requisite degree of his personal involvement in the constitutional violations alleged.  *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  My careful reading of plaintiff's complaint, however, fails to disclose any indication that plaintiff is asserting a constitutional claim against Commissioner Goord in his individual capacity.

causes of action, asserting that 1) the defendants, including Corrections Officer Carbone and Corrections Sergeant Krusen, conspired together to make false accusations against the plaintiff; 2) Corrections Sergeant Krusen issued a false misbehavior report to the plaintiff; 3) Captain Connolly, sued both individually and in his official capacity as a ranking officer, was aware of the false accusations, but failed to intercede on plaintiff's behalf; 4) plaintiff's procedural due process rights were violated during the course of the hearing conducted by defendant Ewanciw; and 5) the DOCS was negligent in performance of its duties.

On January 24, 2005 defendants moved seeking dismissal of plaintiff's complaint on a variety of bases. See Dkt. No. 15. In their motion, defendants argue that 1) plaintiff's due process claims are barred by the applicable three year of statute of limitations; 2) plaintiff's conspiracy and false misbehavior report causes of action lack merit as a matter of law; 3) plaintiff has insufficiently alleged defendant Connolly's personal involvement in the constitutionally offensive conduct; and 4) plaintiff's fifth cause of action, which asserts a claim against DOCS, is both legally deficient and precluded by the Eleventh Amendment. Plaintiff has since responded in opposition to defendants' motion. *See* Dkt. No. 18.

6

Defendants' motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed.R.Civ.P. 72(b).

III.   DISCUSSION

    A.   Dismissal Motion Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, applying a standard which is neither controversial nor rigorous in its requirements. Under that provision, a court may not dismiss a complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him [or her] to relief." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP.* 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003);

7

*Burke v. Gregory*, 356 F. Supp.2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The court's determination as to the sufficiency of a complaint must take into consideration the fact that the governing rules require only that the defendant be afforded "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S. Ct. at 103; *see Phillips v. Girdich*, 408 F.3d 124, 127-29 (2d Cir. 2005).

When assessing the sufficiency of a complaint against this backdrop, a court must afford particular deference to a *pro se* litigant; a court must generously construe a *pro se* plaintiff's complaint when determining whether it states a cognizable cause of action. *Davis*, 320 F.3d at 350 (citation omitted); *Donhauser*, 314 F. Supp.2d at 121. A complaint drafted by an uncounselled plaintiff should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997) (citation omitted). In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely

given when justice so requires").

      B.    <u>Statute of Limitations</u>

In their motion, defendants assert that Holman's claims accrued more than three years prior to the date on which this action should be deemed to have been commenced and, accordingly, are time barred.

Consistent with the Supreme Court's pronouncement that in actions brought under 42 U.S.C. § 1983 the applicable limitation period is derived from the "general or residual [state] statute [of limitations] for personal injury actions" of the forum state, *see Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989), plaintiff's claims in this action are governed by the statute of limitations which applies in New York to personal injury claims of an otherwise unspecified nature.  N.Y. Civil Practice Law and Rules § 214(5); *see Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (citing *Owens*); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995); *Lugo v. Senkowski*, 114 F. Supp.2d 111, 113 (N.D.N.Y. 2000) (citing *Pinaud* and *Owens*).  Despite the fact that state statutes of limitation, which often vary in length from jurisdiction to jurisdiction, apply to such federal claims, determination of the proper accrual date to affix in connection with a section 1983 claim is controlled by federal law.

9

*Ormiston*, 117 F. 3d at 71.  Such a claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his [or her] action.*"* *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (citations omitted), *cert. denied*, 450 U.S. 920, 101 S. Ct. 1368 (1981).

As was noted earlier in this decision, plaintiff's complaint in this action was formally filed with the court on October 4, 2004.  That complaint, however, is dated August 24, 2004.  Affording the plaintiff the benefit of every inference to be drawn from this sequence, and applying the prison mailbox rule recognized in this circuit as controlling for purposes of applying a statute of limitations to an action brought by a prison inmate, *Houston v. Lack*, 487 U.S. 266, 270-76, 108 S. Ct. 2379, 2382-85 (1988); *Jones v. Waterbury Police Dep't*, No.3:04CV2137, 2005 WL 1185723, at *2 (D. Conn. May 12, 2005), I find that defendants' motion should be granted only to the extent of dismissing any cause of action which accrued prior to August 24, 2001.

While in their motion defendants attempt parse out plaintiff's various claims and attribute different accrual dates to each of the separate causes of action, all of the claims asserted relate to, and are intertwined with, the disciplinary action taken against the plaintiff and the resulting

10

determination, following a hearing, of guilt on two of the three charges lodged against him.[8]  Under these circumstances, I am unable to conclude, with the requisite certainty, that the plaintiff knew or had reason to know of the injury which he had suffered as a result of those defendants' actions prior to August 24, 2001.  The finding of guilt and the associated penalty resulting from the Tier III hearing were not entered until August 28, 2001, and thus fall within the applicable three year limitation period.[9]

Because I am unable to conclude at this early procedural juncture that plaintiff will not be able to prove any facts supporting a determination that his section 1983 claims accrued on or after August 24, 2001, I recommend denial of the portion of defendants' motion which asserts a statute of limitations defense.

### C.    False Misbehavior Report

---

[8]    In their motion, for example, defendants assert that the only allegations against Corrections Sergeant Krusen relate to the alleged events of August 7 through 9, 2001, culminating in his issuance on the latter date of an allegedly false misbehavior report.  Similarly, defendants assert that defendant Connolly's only involvement stems from his alleged failure to intercede based upon his knowledge of the false accusations on or about August 7, 2001.

[9]    One could argue that the plaintiff was not fully cognizant of the extent of any due process violation and corresponding injury until the hearing officer's determination was reversed on appeal on November 19, 2001. *Cf. Black,* 76 F.3d at 75 (procedural due process claim stemming from disciplinary hearing did not accrue until reversal of the hearing determination by a court as a result of a petition filed under N.Y. Civil Practice Law and Rules Art. 78); *see also Hynes v. Drake*, 11 F.3d 283, 283-84 (2d Cir. 1997).

Central to plaintiff's first and second causes of action is his assertion that he was falsely accused by Corrections Officer F. Carbone and Corrections Sergeant R. Krusen of possessing contraband, and that the misbehavior report ultimately issued by Sergeant Krusen reiterated that false accusation. Defendants contend that these claims are subject to dismissal under the well-established principle that the issuance of a false misbehavior report, standing alone, does not support a due process violation.

Standing alone, the mere allegation that a false misbehavior report has been filed against an inmate does not implicate unconstitutional conduct. *Boddie*, 105 F.3d at 862; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied*, 485 U.S. 982, 108 S. Ct. 1273 (1988)). The further assertion that the false misbehavior report has been prompted by retaliatory animus and relates to an inmate having engaged in protected activity, however, suffices to state a claim for retaliation. *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988).

Plaintiff's claim that false accusations were made against him and incorporated into a misbehavior report, standing alone, do not support a procedural due process violation, particularly in view of the fact that plaintiff

12

received a hearing in connection with the report, and realized a fully favorable determination on appeal from the hearing officer's decision. I therefore recommend that plaintiff's first and second cause of action, which allege that he was mistakenly accused of possession of contraband and issued a false misbehavior report based upon those accusations, be dismissed.[10]

### D. Personal Involvement

Defendant Connolly, a corrections captain sued by the plaintiff based solely upon his official status as the ranking officer at Shawangunk when the relevant events took place, seeks dismissal of plaintiff's claims based upon his lack of personal involvement.

Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991) and *McKinnon v. Patterson,*

---

[10] In their motion defendants also seek dismissal of plaintiff's first cause of action based upon its allegation of conspiracy and their contention that standing alone, allegations of conspiracy are insufficient to withstand a motion to dismiss. It is true, as defendants argue, that the naked assertion of the existence of a conspiracy is insufficient to state a cognizable section 1983 claim. *Dwares v. City of New York*, 985 F.2d 94, 99-100 (2d Cir. 1993) (collecting cases). An allegation such as that advanced by the plaintiff in his first cause of action, by contrast, that two or more defendants have conspired to inflict an unconstitutional injury, however, can support a claim of conspiracy. *Hernandez v. Goord*, 312 F.Supp.2d 537, 545-46 (S.D.N.Y. 2004).

568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S. Ct. 1282 (1978)).  In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant.  *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

A supervisor cannot be liable for damages under section 1983 solely by virtue of being a supervisor – there is no *respondeat superior* liability under section 1983.  *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.  A supervisory official can, however, be liable in one of several ways: 1) the supervisor may have directly participated in the challenged conduct; 2) the supervisor, after learning of the violation through a report or appeal, may have failed to remedy the wrong; 3) the supervisor may have created or allowed to continue a policy or custom under which unconstitutional practices occurred; 4) the supervisor may have been grossly negligent in managing the subordinates who caused the unlawful event; or 5) the supervisor may have failed to act on information indicating that unconstitutional acts were occurring.  *Richardson*, 347 F.3d at 435; *Wright*, 21 F.3d at 501; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

It is true, as defendants assert, that plaintiff's allegations against defendant Connolly are exceedingly sparse. Plaintiff does allege, however, that defendant Connolly possessed "first hand information and knowledge" of the allegedly false accusations against him, but failed to intervene. *See* Complaint (Dkt. No. 1) § 7, Third Cause of Action. Construed, as they must be, in a light most favorable to the plaintiff, these allegations, though inartful, would ordinarily suffice to plead a cause of action against defendant Connolly based upon his "failure to remedy the alleged wrong after learning of it[.]" *Black*, 76 F.3d at 74. Because the allegations of defendant Connolly's involvement relate only to his failure to rectify the false charges against Holman, however, plaintiff's claims against defendant Connolly are also subject to dismissal in light of my ruling that the filing of false charges against an inmate is not actionable under section 1983. *See ante* pp. 11-13. I therefore recommend that this portion of defendants' motion be granted.

    D.    <u>Eleventh Amendment</u>

The last portion of defendants' motion seeks dismissal of plaintiff's claims against the DOCS, based upon the immunity afforded under the

Eleventh Amendment.[11]

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58 (1978). This absolute immunity which states enjoy under the Eleventh Amendment extends to both state agencies and state officials sued in their official capacities, when the essence of the claim involved is one against a state as the real party in interest. *Richards v. State of New York Appellate Division, Second Department*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing, *inter alia*, *Pugh* and *Cory v. White*, 457 U.S. 85, 89-91, 102 S. Ct. 2325, 2328-29 (1982)). "To the extent that a state official is sued for damages in his [or her] official capacity . . . the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."[12] *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 3105 (1985).

---

[11] Defendants also assert, correctly, that plaintiff's claims against the DOCS based upon allegations of negligence are subject to dismissal, *citing Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986) and *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 n.5 (2d Cir. 1991) (citing *Daniels*).

[12] By contrast, the Eleventh Amendment does not establish a barrier against suits seeking to impose individual or personal liability on state officials under section 1983. *See Hafer*, 502 U.S. at 30-31, 112 S. Ct. at 364-65.

Because plaintiff's section 1983 claims against the DOCS are in reality claims against the State of New York, they typify those against which the Eleventh Amendment protects, and are therefore subject to dismissal. *Daisernia v. State of New York*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.). Accordingly, I recommend that this portion of defendants' motion be granted, and plaintiff's fifth cause of action be dismissed.

## IV.  SUMMARY AND RECOMMENDATION

While defendants correctly argue that plaintiff's claims in this action are governed by a three year statute of limitations, they mistakenly attribute the accrual dates associated with those claims to the times when some of the relevant events occurred, including the issuance of a misbehavior report and commencement of the Tier III disciplinary hearing, overlooking that it was not until at least its conclusion on August 28, 2001, and more likely the subsequent administrative reversal of the finding of guilt and corresponding penalty in November of 2001, that plaintiff knew or had reason to be aware of the full extent of his injuries. Because I am unable to say at this point in the proceedings that none of plaintiff's claims accrued on or after August 24, 2001, I recommend that defendants' motion to

dismiss based upon the statute of limitations be denied. Addressing the portion of defendants' motion which seeks dismissal of plaintiff's first and second causes of action, I find that because there is no constitutionally cognizable right to be free from false accusations and disciplinary misbehavior reports, provided that procedural due process is afforded to the person subjected to such false accusations, those causes of action are subject to dismissal.

As for defendants' claim that Holman's allegations regarding defendant Connolly's personal involvement are deficient, I find that when interpreted in a light most favorable to him, plaintiff's complaint adequately pleads that defendant's personal involvement in the events associated with the August 7-9, 2001 time period. Nonetheless, based on my finding that these events alone do not support a claim of a constitutional deprivation, I recommend that defendants' motion to dismiss plaintiff's complaint as against defendant Connolly be granted.

Finally, because plaintiff has named the DOCS in its official capacity as a defendant in his fifth cause of action, that claim is subject to dismissal based on the Eleventh Amendment. I recommend, however, that dismissal of any of plaintiff's claims be granted with leave to replead in accordance

with the Second Circuit's directive regarding dismissal of a *pro se* prison inmate's claims.

Based upon the foregoing it is hereby

RECOMMENDED that defendants' motion to dismiss plaintiff's complaint (Dkt. No. 15) be GRANTED in part, and that plaintiff's first, second and fifth causes of action, as well as all claims against defendants Connolly and State of New York, be DISMISSED, with leave to replead, but that defendants' motion otherwise be DENIED; and it is further

ORDERED that the Clerk's Office adjust its records to reflect the correct spelling of the defendant as "Connolly."

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:   June 30, 2005
        Syracuse, NY

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\civil rights\statute of limitations\holman.wpd